**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4779**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

TORIANA MARCELLUS CAVE,

             Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:06-cr-00474-NCT-6)

Submitted:  July 28, 2009          Decided:  January 19, 2010

Before MICHAEL, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Darren Byers, LAW OFFICES OF J. DARREN BYERS, P.A., Winston-Salem, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Toriana Marcellus Cave pled not guilty to conspiring to distribute five kilograms or more of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) (2006) and was released on bond. Five months later, Cave was arrested on a complaint alleging that he threatened a Government witness. Thereafter, a superseding indictment charged Cave with conspiring to distribute five kilograms or more of a substance containing a detectable amount of cocaine ("Count One") and threatening a witness, in violation of 18 U.S.C. §§ 1512(b)(1) & (b)(2)(A) (2006) ("Count Two"). Cave eventually pled guilty to Count One pursuant to a plea agreement.

At the conclusion of Cave's sentencing hearing, the district court determined that the safety valve provision in 18 U.S.C. § 3553(f) (2006) and U.S. Sentencing Guidelines Manual ("USSG") § 5C1.2(a)(5) did not apply to Cave because of Cave's threats against the witness and because Cave failed to provide a complete proffer to the Government of his involvement in Count One. The district court determined that, due to the statutory mandatory minimum, Cave had an advisory guidelines range of 120 to 135 months' imprisonment, and the district court sentenced Cave to 128 months' imprisonment. Cave timely noted his appeal. On appeal, Cave's counsel has filed a brief pursuant to Anders

2

v. California, 386 U.S. 738 (1967). Cave has also filed a pro se supplemental brief.

In his Anders brief, Cave suggests that the district court erred in concluding that he failed to carry his burden in demonstrating that the USSG § 5C1.2(a) safety valve provision should apply to him. A district court's determination of whether a defendant has satisfied the safety valve criteria is a question of fact reviewed for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997). This deferential standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

To qualify for the USSG § 5C1.2(a) safety valve provision, the defendant must establish the existence of the five prerequisites: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or credible threats of violence in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not an organizer, leader, manager, or supervisor; and (5) the defendant truthfully provides the Government with all evidence the defendant has concerning the offense. USSG § 5C1.2(a).

3

Here, the district court's finding that Cave did not qualify for the USSG § 5C1.2(a) safety valve was not clearly erroneous. Cave told the sister-in-law of one of his co-defendants that if the co-defendant did not keep her mouth shut, her friends and family would "be going down with [him.]" We have reviewed the record and conclude that, in light of Cave's actions, the district court did not clearly err in finding Cave's statement to constitute a credible threat of violence. See USSG § 5C1.2(a)(2). Moreover, Cave failed to provide information about his role as a courier in the larger drug conspiracy alleged in the indictment and informed authorities only about his involvement with one co-defendant. Accordingly, the district court did not err in denying Cave application of the USSG § 5C1.2 safety valve.

Cave has also filed a pro se supplemental brief raising three claims. First, Cave argues that his appellate counsel was ineffective in filing an Anders brief, against Cave's wishes. Cave's claim is not cognizable on direct appeal as the record does not conclusively establish that his counsel has rendered ineffective assistance. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Cave next appears to argue that he qualified for the USSG § 5C1.2 safety valve provision because he supplied the Government with all the information he had regarding his offense. As discussed, the

4

district court did not clearly err in finding that Cave failed to satisfy USSG § 5C1.2(a)(5). Finally, Cave argues that the safety valve provision should have been applied to him because his threat was not credible. The district court found otherwise and that finding was not clearly erroneous.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Cave's conviction and sentence. This court requires that counsel inform Cave, in writing, of the right to petition the Supreme Court of the United States for further review. If Cave requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cave.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>